UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANK A. VELLUCCI,<br>    Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. No. 13-91-M-LDA |
| CHAD MILLER,<br>MTLS INTERNATIONAL, INC., and<br>LIBERTY MUTUAL INSURANCE COMPANY,<br>    Defendants. | ) ) ) ) ) | |

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

This case involves the issue of how much of a partial settlement from a third-party liability lawsuit a plaintiff must pay to his workers' compensation insurance carrier as reimbursement. Defendant workers' compensation carrier, Ohio Casualty Insurance Company[1] ("Ohio Casualty"), says that Plaintiff, Frank A. Vellucci, owes Ohio Casualty the full amount of a settlement that he recently received in his third-party liability lawsuit. Mr. Vellucci agrees that he owes Ohio Casualty something, but argues that he owes less than the entire amount because the third-party settlement includes money for things such as his extensive pain and suffering that were not compensated by Ohio Casualty. Mr. Vellucci's position is that Ohio Casualty is entitled to reimbursement only for the portion of the settlement that corresponds with the compensation Ohio Casualty paid to him, meaning, for example, that Ohio Casualty is not entitled to reimbursement for the portion of the third-party settlement attributed to pain and suffering because Ohio Casualty did not compensate Mr. Vellucci for pain and suffering.

---

[1] The Defendant claims that the Plaintiff misnamed Ohio Casualty Insurance Company as Liberty Mutual Insurance Company in the Complaint. (ECF No. 19 at 1.)

The Court agrees with Mr. Vellucci.

## Background

Mr. Vellucci originally filed this declaratory judgment action in R.I. Superior Court. (ECF No. 1-1.)   Mr. Vellucci styles this issue as a "conflict" regarding the "proper interpretation" of § 28-35-53 of the Rhode Island General Laws.  *Id.* at 3.  He seeks judicial determination regarding the amount of a third-party settlement that he must reimburse to Ohio Casualty.  *Id.* at 5.

Defendant Ohio Casualty removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 "because it is a civil action between citizens of different states[2] [and] the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs." (ECF No. 1.)  Then Ohio Casualty moved to dismiss. (ECF No. 3.)  After hearing oral argument, this Court denied that motion. (3/14/2013 Order.)

Now this matter is before the Court on cross-motions for summary judgment (ECF Nos. 16 and 19) based on a Joint-Agreed Statement of Undisputed Facts. (ECF No. 15.)  For the reasons explained below, Mr. Vellucci's Motion for Summary Judgment (ECF No. 16) is GRANTED IN PART AND DENIED IN PART and Ohio Casualty's Motion for Summary Judgment (ECF No. 19) is DENIED.  In essence, the Court finds, pursuant to R.I.G.L. § 28-35-58(a), that Mr. Vellucci is entitled to an apportionment of the third-party settlement.  Because there are disputed facts before the Court regarding the appropriate apportionment of the third-

---

[2]  Mr. Vellucci was a resident of Rhode Island at the time of the accident and he is currently a resident of Indiana. (ECF No. 1 at 4; ECF No. 1-2 at 1.)  Ohio Casualty is a New Hampshire corporation with its principal place of business in New Hampshire. (ECF No. 1 at 4.)  Ohio Casualty contends that the other two defendants named in this matter are "nominal parties with no interest in this controversy."  *Id.* at 3.  Pleading in the alternative, Ohio Casualty asserts that defendant Chad Miller is a resident of Montana and defendant MTLS International, Inc. is a defunct Georgia corporation that had its principal place of business in Georgia.  *Id.* at 4-5.

party settlement, the Court, as a matter of law, cannot determine the apportionment without an evidentiary hearing.

**Standard of Review**

Summary judgment is called for when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Gerald v. Univ. of P.R.*, 707 F.3d 7, 16 (1st Cir. 2013). "The presence of cross-motions for summary judgment neither dilutes nor distorts this standard of review." *Mandel v. Boston Phoenix, Inc.*, 456 F.3d 198, 205 (1st Cir. 2006).

**Undisputed Facts**

On September 18, 2004, while employed by Aspen Aerogels, Inc. ("Aspen"), Mr. Vellucci was injured in an accident. (ECF No. 15 ¶ 1.) Mr. Vellucci received workers' compensation from Ohio Casualty, the workers' compensation carrier of Aspen's parent corporation. *Id.* at ¶¶ 1, 2. Ohio Casualty paid Mr. Vellucci a total of $763,762.45, comprised of $497,848.07 for medical payments and $265,914.38 for indemnity benefits (lost wages). *Id.* at ¶ 4. Mr. Vellucci elected to both accept the workers' compensation award from Ohio Casualty and file a third-party lawsuit against parties other than his employer. *Id.* at ¶7. Mr. Vellucci filed suit against several defendants, including Stuart Jackson, ECS, Inc., and Binnacle Industrial Contractors, Inc. ("Binnacle"), and sought damages for medical bills, un-reimbursed lost wages beyond what Ohio Casualty paid, and pain and suffering. *Id.* at ¶¶ 7, 8. Mr. Vellucci settled with Binnacle for $80,000 and reimbursed Ohio Casualty $38,122, approximately 48% of that settlement amount. *Id.* at ¶ 10. Ohio Casualty agreed to accept this amount as partial reimbursement for its workers' compensation lien. *Id.* Two of the remaining defendants in the third-party lawsuit recently offered to settle with Mr. Vellucci for $150,000. *Id.* at ¶ 12. The

$150,000 was deposited in the R.I. Superior Court Registry pending the outcome of this dispute.[3] *Id.* Two additional defendants remain in the third-party lawsuit. *Id.* at ¶ 13. Ohio Casualty claims a lien on any third-party recovery obtained by Mr. Vellucci. *Id.* at ¶ 14.

## Analysis

The issue presented is whether (i) Mr. Vellucci is required to reimburse the workers' compensation carrier the full amount of the recent settlement in his third-party lawsuit; or (ii) Mr. Vellucci is allowed to show that a portion of that settlement is for damages, i.e., pain and suffering, not included in the workers' compensation payment he received from Ohio Casualty and therefore does not need to be reimbursed.

Mr. Vellucci contends that the payment he received from Ohio Casualty covers medical expenses and a portion of lost wages, but does not include any amount for pain and suffering. (ECF No. 16-1.)  Since an insurance carrier considers pain and suffering when settling a tort liability case, Mr. Vellucci asserts that a portion of his third-party settlement should not have to be reimbursed to Ohio Casualty. *Id.* Mr. Vellucci relies on the Massachusetts Appeals Court opinion in *Curry* for the proposition that tort damages attributable to loss of consortium and conscious pain and suffering – damages not compensated by workers' compensation – were not reimbursable to the workers' compensation carrier. *Id.* at 6 (quoting *Curry v. Great Am. Ins. Co.*, 954 N.E.2d 580 (Mass. App. 2011)). Mr. Vellucci asks the Court to "enter an order setting the amount of the underlying settlement that should be paid to [him] to compensate him for his pain and suffering and the portion of his lost wages that were not already compensated under the Workers' Compensation Act." *Id.* at 8.

---

[3] On July 26, 2013, the Court entered Stipulation permitting the law firm of Higgins & Slattery to withdraw its one-third fee from the funds on deposit in the R.I. Superior Court Registry. (ECF No. 14.)

Ohio Casualty counters that § 28-35-58 does not allow the Court to reduce Ohio Casualty's lien on the entire settlement amount regardless of whether the third-party settlement includes damages for pain and suffering or unpaid lost wages. (ECF No. 19.)  In other words, Ohio Casualty argues that § 28-35-58 requires Mr. Vellucci to reimburse it for the full amount of the settlement regardless of what the third-party settlement money represented.  *Id.*  Ohio Casualty relies on the R.I. Supreme Court's *Rison* opinion for the proposition that an employee gets "any excess of the damage recovery over compensation." (ECF No. 20 at 12-13 (quoting *Rison v. Air Filter Sys.*, 707 A.2d 675, 683, 684 (R.I. 1998))).  Ohio Casualty also points out that even if this Court interpreted § 28-35-58 to allow for an allocation for damages attributable to pain and suffering, Mr. Vellucci has not explained how the Court would do this.  *Id.* at 2.

The operative state statute establishing the workers' compensation carrier's right to reimbursement is R.I. Gen. Laws § 28-35-58.  It states:

> (a) Where the injury for which compensation is payable . . . was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect of the injury, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation . . . for that compensation, and the employee shall be entitled to receive both damages and compensation.  ***The employee, in recovering damages either by judgment or settlement from the person so liable to pay damages, shall <u>reimburse</u> the person by whom the compensation was paid <u>to the extent of the compensation paid</u> as of the date of the judgment or settlement and the receipt of those damages by the employee shall not bar future compensation.*** . . .  When money has been recovered either by judgment or by settlement by an employee from the person liable to pay damages, by suit or settlement, and the employee is required to reimburse the person by whom the compensation was paid, the employee or his or her attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party.

(Emphases added.)

Under R.I. Gen. Laws § 28-35-58, Mr. Vellucci must "reimburse" the workers' compensation carrier "to the extent of the compensation paid." "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996). Here, the word "reimburse" is defined by Black's Law Dictionary as "[t]o pay back, to make restoration, to repay that expended; to indemnify, or make whole." *Liberty Lincoln-Mercury v. Ford Motor Co.*, 134 F.3d 557, 566 (3d Cir. 1998) (emphasis added) (quoting BLACK'S LAW DICTIONARY 1287 (6th ed.1990)). "Clearly, the word 'reimburse' signifies a re payment for money already [paid]." *U.S. ex rel. Humphrey v. Franklin-Williamson Human Servs., Inc.*, 189 F.Supp.2d 862, 871 (S.D.Ill. 2002). Reimbursement therefore is limited to what has been expended or paid. One cannot be reimbursed for something that it did not pay.

If the workers' compensation payment did not include money for pain and suffering, and a third-party settlement did include money for pain and suffering or for wages not paid by Ohio Casualty, then a trier of fact must determine, pursuant to state statute, "the extent" to which the workers' compensation carrier is entitled to reimbursement from the third-party settlement. Certainly the workers' compensation carrier is not entitled to *reimbursement* for money paid to Mr. Vellucci for which it did not make a corresponding workers' compensation payment.[4]

Both parties draw this Court's attention to the Massachusetts Court of Appeals decision *Curry v. Great American Insurance Company*, 954 N.E.2d 580, 582-83 (Mass. App. Ct. 2011)(concluding that a workers' compensation carrier is not entitled to third-party payments

---

[4] For example, if Mr. Vellucci's third-party settlement proceeds included payment for a property loss he suffered in connection with his injury, all would agree that the portion of the third-party settlement attributed to the property loss would not be available to the workers' compensation carrier as reimbursement.

that include pain and suffering). In *Curry*, the court held that "loss of consortium and conscious pain and suffering are not compensable injuries under the worker's compensation statute, and therefore are not reimbursable under G.L. c. 152, § 15." The Massachusetts Appeals court stated:

> It is well-settled principle that the primary goal of [the workers compensation statute] is wage replacement. As such, worker's compensation benefits differ from tort damages in that benefits provided by the [statute] are by way of relief through inability to earn or for deprivation of support flowing from wages theretofore received by the employee. Thus, worker's compensation payment is not for the injury as such or for pain and suffering. [The workers' compensation insurance carrier's] claim that it is entitled to the allocation for conscious pain and suffering is therefore without merit.

*Id.* at 584 (internal quotation marks and citations omitted). Similarly, in Rhode Island, "pain and suffering . . . is not compensable under the state workers' compensation law." *Benders v. Bd. of Governors for Higher Educ.*, 636 A.2d 1313, 1315 (R.I. 1994). The case before this Court has an analogous set of facts involving a similar state statute.

Simply put, Mr. Vellucci's third-party recovery includes compensation to him for "pain and suffering" due to his injury as well as "un-reimbursed lost wages beyond the 66 2/3 Mr. Vellucci received as weekly indemnity benefits." (ECF No. 15 at ¶ 8.) His compensation from the workers' compensation insurer did not include those damages; therefore, under the plain language of the § 28-35-58[5] Ohio Casualty is not entitled to *reimbursement* of 100% of the $150,000 recovery Mr. Vellucci received in settlement from two of the third-party defendants. However, Ohio Casualty is entitled to some portion of that amount under the statute because the settlement did include compensation for "medical bills and indemnity benefits." *Id.*; *id.* at ¶ 4.

---

[5] Even if this Court were to consider this statute ambiguous on this issue, the Court would still find for Mr. Vellucci. The R.I. Supreme Court has been clear that "ambiguities in the Workers' Compensation Act 'generally must be construed liberally in favor of the employee.'" *Trant v. Lucent Techs.*, 896 A.2d 710, 713 (R.I. 2006) (quoting *McCarthy v. Envtl. Transp. Servs., Inc.*, 865 A.2d 1056, 1063 (R.I. 2005) (internal quotation marks omitted)).

A trier of fact must determine the appropriate apportionment if the parties cannot otherwise agree.[6]

Conclusion

Because this Court agrees with Mr. Vellucci's interpretation of the state statute and the legal basis for his complaint, Plaintiff's Motion for Summary Judgment (ECF No. 16) is GRANTED IN PART. Because there are genuine issues of material fact concerning the appropriate amount of reimbursement for Ohio Casualty, this Court, as a trier of fact, after an evidentiary hearing, must determine the apportionment; therefore, as to damages, the Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED IN PART. Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge
December 23, 2013

---

[6] Mr. Vellucci points out that "It has always been the practice when there is not enough money to satisfy both parties, that the employee and the workers' compensation carrier split the proceeds between an injured plaintiff, the workers' compensation carrier, and the plaintiff's attorney's fee." (ECF No. 16-1 at 4.)

8